STATE of Oklahoma, Appellant,

v.

UNION GAS SYSTEMS, INC. and the Oklahoma Corporation Commission, Appellee.

No. 53237.

Supreme Court of Oklahoma.

April 8, 1980.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Charles S. Rogers, Asst. Atty. Gen., Michael L. Bardrick, Legal Intern, Oklahoma City, for appellant.

Julia T. Brown, Asst. Gen. Counsel, Oklahoma City, for appellee, Oklahoma Corp. Commission.

DOOLIN, Justice:

Section 252 of the Rate Adjustment Act (the Act) 17 O.S.1979 Supp. § 250 et seq. provides:

"*Monitoring of fuel adjustment clauses.— Whenever the Commission approves a fuel adjustment clause pursuant to this act, the clause shall apply to all similar public utilities affected by such increased costs.* In addition, the Commission shall continually monitor and oversee the application of the fuel adjustment clauses. The Commission shall hold a public hearing thereon whenever it deems it necessary, but no less frequently than once every six (6) months. If the Commission finds that the charges or credits are not based upon the actual prices paid for fuel, purchased gas or purchased power, or are not properly computed in accordance with the applicable adjustment clause, it shall recompute the charges or credits and shall direct the public utility to take such action as may be required to insure that the charges or credits properly reflect the actual prices paid for fuel, purchased gas or purchased power and are properly computed in accordance with the applicable adjustment clause for the applicable period. The fuel adjustment clause may be amended upon a finding of changed circumstances by the Commission but shall not be wholly discontinued or suspended except by order of the Commission after notice and hearings for the utilities affected have been rendered." (Emphasis supplied).

In furtherance of the policies espoused by the Act, the Commission adopted certain rules relating to fuel adjustment. Rule 4(b) provides: ·

". . . in so far as feasible, the *standard fuel and purchased gas adjustment provisions* adopted pursuant to rule 3(b) *shall be employed by public utilities subject to the jurisdiction of the Commission.* However, each public utility which applies, pursuant to Section (a) of this rule 4, for authorization to employ fuel, purchased gas and/or purchased power adjustment clauses *shall be entitled to show that by reason of special circumstances affecting such utilities, the standard provision or portions thereof are not appropriate for use by it,* and in such case the Commission shall prescribe an appropriate clause for such utility, which clause shall, however, conform to the requirements of Section (a) of rule 3." (Emphasis supplied).

In October of 1977, the Commission issued order No. 135207 wherein it adopted an automatic fuel adjustment clause applicable to gas companies. Section 8 of this order provided:

"any credits, refunds or allowances on previously purchased gas, received by the utility from any supplier shall be deducted from the cost of gas ·before computations are made each month."

In the present case, in November of 1977, Union Gas System, Inc. (Union), appellee herein, filed an application with the Commission seeking approval of a suitable fuel adjustment clause. The referee's report found Union would suffer financial hardship without the use of its recommended fuel adjustment clause. The Attorney General intervened and filed exceptions to the recommended clause because it did not adopt the standard clause set forth in order No. 135207. The Commission overruled the exceptions and issued order No. 148460 herein appealed. This order contained a different method for crediting any adjustment. It stated in part:

"Any credits, refunds or allowances, on previously purchased gas for resale received by the utility during the year from any source shall be deducted from the cost of purchased gas and applied equally in the months of November through March before calculating the adjustment for cost of gas to be passed through to the consumer."

The order did not make a specific finding of "special circumstances."

The Attorney General, at hearing and on appeal from this order (148460), argued once the Commission adopted the method of crediting any fuel adjustment in order No. 135207, the identical method must be used in all future orders involving similar utilities or § 252 has been violated. It claims under this section, Commission's rule 4(b) allowing for consideration of special circumstances is improper.

The Commission [1] responds, arguing under its rule 4(b) supra, a showing of special circumstances by Union allows the Commission to modify the exact terms of a fuel adjustment clause to meet a company's specific needs. Any other interpretation placed on the statute would be unconscionable. It points to language in § 252 allowing an amendment of a clause upon a "finding of change of circumstances." It is Commission's position the rule is proper in that some provision for differences between the same types of utilities must be recognized if justice is to be done. As such, rule 4(b) is a proper exercise of Commission's powers under 17 O.S.1971 § 152.[2]

We agree. Fuel adjustment clauses are a component of rate making. Commission should not be bound by a single formula or combination of formulas in fixing rates and none is exclusive or more favored than the others.[3] This must be true of fuel adjustment orders also. Although no special circumstances were specifically recognized in the appealed order, the clause is not so disparate that it must be declared void. It merely allows Union to grant credit to its rate payers during the coldest months of the year while the standard clause in order No. 135207 spreads the credit over the entire year. The obvious benefit granted by appealed order is a proper exercise of Commission's duties. The order violates neither rule 4(b) nor the spirit of § 252.

AFFIRMED.

All the Justices concur.

1. Appellee Union Gas Systems, Inc. adopted the brief and position of the Commission.

2. § 152. Commission's jurisdiction over public utilities.—The Commission shall have general supervision over all public utilities, with power to fix and establish rates and to prescribe rules, requirements and regulations, affecting their services, operation, and the management and conduct of their business; shall inquire into the management of the business thereof, and the method in which same is conducted. It shall have full visitorial and inquisitorial power to examine such public utilities, and keep informed as to their general conditions, their capitalization, rates, plants, equipments, apparatus, and other property owned, leased, controlled or operated, the value of same, the management, conduct, operation, practices and services; not only with respect to the adequacy, security and accommodation afforded by their service, but also with respect to their compliance with the provisions of this act, and with the Constitution and laws of this state, and with the orders of the Commission.

3. *Application of Arkansas Louisiana Gas Company*, 558 P.2d 376 (Okl.1976).